Case 4:25-cv-06120   Document 11   Filed 01/15/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRYAN MIGUEL DURAN JAVIER, § § | |
| Petitioner, § § | |
| vs. § | CIVIL ACTION NO. H-25-6120 |
| § | |
| KRISTI NOEM, in her official capacity as the § Secretary of the U.S. Department of Homeland § Security, *et al.* § § | |
| Respondents. § | |

**ORDER**

The petitioner, Bryan Miguel Duran Javier, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Duran Javier's petition, (Docket Entry No. 1), and denies the motion for summary judgment and for a stay pending appeal, (Docket Entry No. 10).[1]

As this court and other courts have articulated in numerous decisions, Duran Javier is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v.*

---

[1] The court declines to stay this case pending resolution of the appeal to the Fifth Circuit in *Buenostro-Mendez*. The petitioner's legal position is likely to prevail; the petitioner's continued detention without appropriate legal process is a substantial injury; the respondents will not suffer an irreparable injury merely by providing the petitioner a bond hearing, and a bond hearing is designed to ensure the petitioner's release does not substantially injure the respondents; and the public interest favors the petitioner, who is seeking legal process to determine whether his detention is consistent with the public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

*Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z.[2]  The court also notes that a district court in the Central District of California certified a class of petitioners similarly situated to Duran Javier; granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Duran Javier's position; and entered a final judgment so declaring.  *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  The court has found no reason to depart from its prior decisions, the class-action judgment from which the petitioner benefits, or the decisions of dozens of other courts.[3]

The respondents must provide Duran Javier with a bond hearing under § 1226(a) by January 29, 2026, or release him.  The parties are to update the court on the status of his bond hearing no later than February 2, 2026.

SIGNED on January 15, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[2] Although the petitioner did not plead a statutory "cause of action" in his petition, the face of the petition includes "a short and plain statement of th[at] claim."  FED. R. CIV. P. 8(a)(2).  It states the petitioner's detention "violates the plain language of the Immigration and Nationality Act" because "Section 1225(b)(2)(A) does not apply to individuals like Petitioner." (Docket Entry No. 1 ¶ 8).  The respondents are on notice of the petitioner's legal position and responded to it.  (*See* Docket Entry No. 10 at 8–9).

[3] The court rejects the respondents' other challenges to the habeas petition.  As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.  That the petitioner has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief.  *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).